

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable C. W. Talbot
County Attorney
Bastrop, Texas

Dear Sir:

Opinion No. 0-1501
Re: May a sheriff make a valid
sale of land under a tax judg-
ment to a stranger for less
than the aggregate amount of
the judgment or adjudged value
of the land, whichever is lower.

We are in receipt of your letter of September 23, 1939,
in which you request an opinion of this Department on the following
question:

"Please advise whether or not a Sheriff can or may
make a valid sale of lands under tax judgments, to
strangers, for less than aggregate amount of judgments
or adjudged value of said lands, whichever is lower,
unless and until same has been held for a period of six
months or more beyond redemption period, by a taxing
unit which was a party to the suit."

Chapter 506 of the Acts of 1937, 45th Legislature, is
entitled Article 7345b of Vernon's Civil Statutes. Section 7 of this
Article provides as follows:

"In the case of foreclosure, an order of sale shall
issue, and, except as herein otherwise provided, the
land shall be sold thereunder as in other cases of fore-
closure of tax liens."

Section 8 of said Article provides as follows:

"No property sold for taxes under decree in such
suit shall be sold to the owner of said property, directly
or indirectly, or to anyone having an interest therein, or
to any party other than a taxing unit which is a party to

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. C. . . Talbot, Page 2

the suit, for less than the amount of the adjudged value aforesaid of said property or the aggregate amount of the judgments against the property in said suit, whichever is lower, and the net proceeds of any sale of such prop-rty made under decree of court in said suit to any party other than any such taxing unit shall belong and be distributed to all taxing units which are parties to the suit which by the judgment in said suit have been found to have tax liens against such property, pro rata and in proportion to the amounts of their respective tax liens as established in said judgment, but any excess in the proceeds of sale over and above the amount necessary to defray the costs of suit and sale and other expenses hereinabove made chargeable against such proceeds, and to fully discharge the judgments against said property, shall be paid to the parties legally entitled to such excess.",

Section 9 of this Act provides in part as follows:

"If the property be sold to any taxing unit which is a party to the judgment under decree of court in said suit, the title to said property shall be bid in and held by the taxing unit purchasing same for the use and benefit of itself and all other taxing units which are parties to the suit and which have been adjudged in said suit to have tax liens against such property, pro rata and in proportion to the amount of the tax liens in favor of said respective taxing units as established by the judgment in said suit, and costs and expenses shall not be payable until sale by such taxing unit so purchasing same, and such property shall not be sold by the taxing unit purchasing same for less than the adjudged value thereof or the amount of the judgments against the property in said suit, which-ever is lower, without the written consent of all taxing units which in said judgment have been found to have tax liens against such property; . . ."

Section 8 provides specifically that property sold pursuant to a decree in a tax suit shall not be sold to anyone other than a taxing unit which is a party to the suit unless the sale is for an amount at least equal to the adjudged value aforesaid of said property or the aggregate amount of the judgment against the property, which-ever is lower. The term "adjudged value" is defined in Section 5 of this Act as follows:

"Upon the trial of said cause the Court shall hear
evidence upon the reasonable fair value of the property,
and shall incorporate in its judgment a finding of the
reasonable fair value thereof in bulk or in parcels,
either or both, as the Court may deem proper, which
reasonable fair value so found by the Court is hereafter
sometimes styled 'adjudged value', which 'adjudged value'
shall be the value as of the date of the trial and shall
not necessarily be the value at the time the assessment
of the taxes was made; provided, that the burden of proof
shall be on the owner or owners of such property in
establishing the 'fair value' or adjudged value as pro-
vided in this section and, provided further that this
section shall only apply to taxes which are delinquent
for the year 1935 and prior years."

The only question which might possibly arise over the
interpretation of Section 8 is whether or not the term "such suit"
applies to the original foreclosure sale or to a subsequent sale.
The term "such suit" refers to the suit mentioned in Sections 6 and
7 of said Act. Section 6 provides as follows:

"All court costs, including costs of serving process,
in any suit hereafter brought by or in behalf of any taxing
units for delinquent taxes in which suits all other taxing
units having a delinquent tax claim against such property
of any part thereof, have been impleaded, together with
all expenses of foreclosure sale and such reasonable
attorney's fees as may be incurred by the interpleaded or
intervening taxing units, not exceeding ten per cent (10%)
of the amount sued for, such attorney's fees to be subject
to the approval of the court together with such reasonable
expenses as the taxing units may incur in procuring data
and information as to the name, identity and location of
necessary parties and in procuring necessary legal des-
criptions of the property, shall be chargeable as court
costs."

A very good reason why Section 8 does not refer to a subse-
quent sale is that such subsequent sale is only occasioned where a
taxing unit has purchased the property at the prior sale. Section 8
itself specifically provides that the taxing unit is the only one
which maybuy the property at an amount less than the adjudged value
of the property or the aggregate amount of the judgment against the
property, whichever is lower. Certainly we cannot say that this
Article refers to a taxing unit buying property from itself.

Hon. C. W. Talbot, Page 4

We are unable to find any case which has answered your question. The Act being a new one, having been passed in 1937, we can only look to the express language of the Statute to determine the proper construction of the same.

It is the opinion of this Department that because of Section 6 of Article 7345b of Vernon's Civil Statutes, a sheriff may not sell property to anyone except one of the taxing units in the suit, unless said sale is for an amount equal to the adjudged value of the property or the aggregate amount of the judgment against the property in the suit, whichever is lower.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _____

Billy Goldberg
Assistant

BG:N

APPROVED OCT 7, 1939

Acting ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN